IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN EVERETT, | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF | : | |
| CORRECTIONS, et. al. | : | NO.   07-1538 |
|     Respondents | : | |

<u>REPORT AND RECOMMENDATION</u>

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

      Now pending before this court is a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, by a petitioner currently incarcerated in the State Correctional Institution at Dallas, Pennsylvania.  For the reasons which follow, it is recommended that the petition be denied and dismissed.

I.      PROCEDURAL HISTORY

      On September 29, 1989, petitioner pled guilty before the Honorable Theodore A. McKee to four counts of aggravated assault, one count of burglary.  On April 6, 1990, petitioner was sentenced to twenty-three to fifty years imprisonment for these offenses.  A concurrent sentence totaling eighteen to forty years was also recorded on the docket.  Specifically, petitioner's sentences on the dockets were shown as follows:

| Bill | Charge | Sentence |
|---|---|---|
| 36 | Burglary | 2 to 4 years, concurrent to Bill 37 |
| 37 | Aggravated Assault | 10 to 20 years |
| 43 | Aggravated Assault | 8 to 20 years, consecutive to Bill 37 |
| 46 | Aggravated Assault | 5 to 10 years, concurrent to Bills 36 & 43 |
| 49 | Aggravated Assault | 5 to 10 years, concurrent to Bills 36 & 46 |

Both petitioner and respondent filed petitions to modify the sentence. On or about April 30, 1990, the trial court vacated petitioner's sentence. On January 10, 1991, the trial court denied both petitions, but corrected the docket to reflect the original sentence, in which Bill 46 was to be consecutive to Bill 43. Petitioner's sentence was corrected as follows:

| Bill | Charge | Sentence |
|------|--------|----------|
| 36 | Burglary | 2 to 4 years, concurrent to Bill 37 |
| 37 | Aggravated Assault | 10 to 20 years |
| 43 | Aggravated Assault | 8 to 20 years, consecutive to Bill 37 |
| 46 | Aggravated Assault | 5 to 10 years, concurrent to Bills 36 & *consecutive to Bill* 43 |
| 49 | Aggravated Assault | 5 to 10 years, concurrent to Bills 36 & 46 |

Since Bills 37, 43, and 46 all run consecutive to each other, petitioner was sentenced to an aggregate of twenty-three (23) to fifty (50) years imprisonment.

Petitioner directly appealed his sentence to the Superior Court of Pennsylvania, alleging the correction of the recording error violated double jeopardy. On August 11, 1992, the Superior Court held that the correction of a clerical error did not violate the constitutional guarantee against double jeopardy. Commonwealth v. Everett, 617 A.2d 388 (Pa. Super. 1992). Petitioner's request for allocatur was denied on February 12, 1993. Commonwealth v. Everett, 622 A.2d 1375 (Pa. 1993).

Petitioner then filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq*, which was dismissed as untimely on January 3, 1994.

On July 13, 1994, petitioner filed a second PCRA petition alleging the following:

(1) The trial court misled the Superior Court as to the sentence that was originally imposed;

(2) Petitioner's rights were grossly violated by the sentencing process;

(3) The correction of petitioner's sentence violated double jeopardy protections;

(4) Petitioner's counsel was ineffective for influencing his guilty plea;

(5) The trial court failed to explain the range of sentences;

(6) Petitioner did not knowingly or intelligently enter a guilty plea;

(7) Petitioner had knowledge he could have used as a defense during his guilty plea; and

(8) Due to unusual circumstances, petitioner should be permitted the opportunity to withdraw his guilty plea.

Court appointed counsel filed a no merit letter pursuant to <u>Commonwealth v. Finley</u>, 379 Pa. Super. 390, 393-94, 550 A.2d 213, 215 (1988). On January 30, 1995, the PCRA court dismissed the petition as meritless.

Petitioner appealed to the Pennsylvania Superior Court, which found that his brief precluded meaningful review.

On April 9, 2001, petitioner filed a third PCRA petition, which was subsequently dismissed as untimely. Petitioner appealed to the Pennsylvania Superior Court, which affirmed the dismissal on September 16, 2002. <u>Commonwealth v. Everett</u>, 813 A.2d 901 (Pa. Super. 2002). Petitioner's request for allowance of appeal was denied by the Pennsylvania Supreme Court on December 18, 2001. <u>Commonwealth v. Everett</u>, 814 A.2d 676 (Pa. 2002).

On January 21, 2003, petitioner filed his first Petition for Writ of Habeas Corpus, raising the following claims:

(1) The sentencing process constitutes a violation of double jeopardy;

(2) The correction of petitioner's sentence amounted to cruel and unusual punishment;

> (3) Petitioner's original sentence was misrepresented; and
>
> (4) A miscarriage of justice occurred because petitioner never received the decision on his second PCRA appeal before the Honorable Alex Bonaritacola dated February 22, 1995.

On July 14, 2004, this court filed a Report and Recommendation (No. 02-CV-9537), to recommend that petitioner's habeas petition be dismissed, with prejudice, finding that the petitioner was untimely. The Report and Recommendation issued by this court was approved and adopted by the Honorable Stewart Dalzell on August 10, 2004.

On June 2, 2006, petitioner filed a "Petition for Review in the Nature of Mandamus" in the Commonwealth Court of Pennsylvania, alleging that Bill 46 runs concurrent to Bill 43 and petitioner's aggregate sentence is eighteen (18) to forty (40) years. The Commonwealth Court dismissed petitioner's "Petition for Review", noting that petitioner's sentence had been correctly aggregated by the Department of Corrections. On February 27, 2007, the Pennsylvania Supreme Court denied petitioner's "Petition for Allowance of Appeal from the Order of the Commonwealth Court.

On March 6, 2007, petitioner filed the instant Petition for Writ of Habeas Corpus, alleging that, petitioner is being illegally and unlawfully restrained because the Department of Corrections has not correctly aggregated petitioner's sentence.

Respondents assert that this petition is time-barred, and must be dismissed, as petitioner is not entitled to habeas review or relief. We agree.

II.    TIMELINESS

Notwithstanding petitioner's allegations of substantive grounds for relief, one procedural obstacle precludes federal review of those claims - timeliness. Under the

Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), enacted April 24, 1996:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;[1]

28 U.S.C. § 2244 (d)(1) (1996). If direct review of a criminal conviction ended prior to the statute's effective date, then under Third Circuit precedent, a petitioner has a one-year grace period subsequent to the effective date to commence a habeas action. Burns v. Morton, 134 F.3d 109, 111 (3rd Cir. 1998).

The statute, however, creates a tolling exception, which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

---

[1] The AEDPA also sets forth three other potential starting points for the running of the statute of limitations, as follows:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1) (1996). As petitioner has not alleged and the court cannot glean any facts indicating that any of these other starting points should be used, we do not consider them.

limitation under this subsection." 28 U.S.C. § 2254(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3rd Cir. 1998). If a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. Merritt v. Blaine, 326 F.3d 157, 165-66 (3rd Cir. 2003).

In the case at bar, petitioner's conviction became final on February 12, 1993, when the Pennsylvania Supreme court denied petitioner's request for allowance of appeal. Following the enactment of the AEDPA one-year period of limitations, the Third Circuit Court of Appeals interpreted the amendment to provide for a "one year grace period" following its effective date of April 24, 1996. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998): ..."applying § 2244(d)(1) to bar the filing of a *habeas* petition before April 24, 1997, where the prisoner's conviction became final before April 24, 1996, would be impermissibly retroactive." As a result, any petitioner whose conviction was final prior to the enactment of the limitations period was permitted to file for federal *habeas corpus* relief until April 24, 1997. Thus, petitioner here, whose conviction became final on February 12, 1993, had until April 24, 1997, to file a timely petition for writ of habeas corpus. Petitioner's habeas petition was not docketed until March 6, 2007, nearly ten years after the deadline. Having thus failed to comply with the statute, this court has no choice but to dismiss the request for habeas relief without consideration on the merits.

One avenue of relief remains for petitioner. The statute of limitations in the AEDPA is subject to equitable tolling. Miller v. New Jersey State Dept. of Corrections, 145 F.3d

616, 618 (3rd Cir. 1998). Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (quotation omitted). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3rd Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3rd Cir. 2001), cert. denied, 122 S.Ct. 323 (2001) (citing cases). To otherwise apply equity would "lose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Though the District Court has the ability to review the substantive issues raised in a habeas corpus petition when applying the statute of limitations would unfairly prejudice the petitioner, the petitioner must show more than excusable neglect in order for the court to do so. Rather, the petitioner must prove that he exercised reasonable diligence but that for some extraordinary reason, he was prevented from asserting his rights. See Miller, 145 F.3d at 618-19. Petitioner has failed to meet this burden. Consequently, we decline to exercise our equitable tolling powers, and we dismiss this entire petition.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this _____ day of July, 2007, IT IS RESPECTFULLY

RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED AND DISMISSED.

It is also RECOMMENDED that a certificate of appealability not be granted.


/S LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE