```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN EVERETT                  :   CIVIL ACTION
                               :
        v.                     :
                               :
DEPARTMENT OF CORRECTIONS,     :
et al.                         :   NO. 07-1538
```

ORDER

AND NOW, this 29th day of October, 2007, upon careful and independent consideration of Kevin Everett's amended petition (docket entry #8), the Commonwealth's answer to application for habeas corpus relief (docket entry #5), the Report and Recommendation of the Honorable Linda K. Carracappa (docket entry #10), and Everett's pro se Objections to the Report and Recommendation (docket entry #14), and the Court finding:

(a)   Everett is a prisoner in state custody, who seeks habeas relief under 28 U.S.C. § 2241, because he asserts his sentence has been improperly calculated, Pet. at 1;

(b)   Everett pled guilty to one count of burglary and four counts of aggravated assault, and on April 6, 1990, he was sentenced to eighteen to thirty years in the Court of Common Pleas Philadelphia County, but that sentence was vacated on or about April 30, 1990, and the same judge resentenced Everett on January 10, 1991; it is on this resentence that Everett bases his claim, Pet. ¶¶ 14-18;

(c)   Everett alleges the documents which were sent to the state facility in which he is incarcerated stated that his

sentence was for thirteen to thirty years[1], Pet. ¶ 19, Answer, Ex E.

(d) Everett alleges that he spent nearly seventeen years in prison, and it was only when he sought parole that he learned that the Department of Corrections had calculated his sentence to be twenty-three to fifty years, Petr.'s Objs. at 2;

(e) After reviewing the record, Judge Caracappa determined that regardless of the merit of Everett's claim, his claim was time-barred by the Antiterrorism and Effective Death Penalty Act of 1196 ("AEDPA"), because he brought his claim outside the one-year time limit the statute imposes, Rep. & Rec. at 6, 28 U.S.C. § 2244(d)(1);

(f) Furthermore, Judge Caracappa concluded that Everett's claim did not warrant equitable tolling because he had not alleged any extraordinary circumstances beyond excusable negligence that explain the delay, Id. at 6-7; Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 534 U.S. 944 (2001);

(g) Everett objects to this particular finding, and argues that equitable tolling ought to apply because he did not learn of the calculation problem until he requested parole, Petr.'s Objs. at 2;

(h) Even if we assume that the increased sentence constituted constitutional error and that Everett's failure to

---

[1] The documents that were sent to the state facility state a sentence for thirteen to thirty years, but the docket orders from the sentencing clearly state that the sentence is to run twenty-three to fifty years.

learn that his sentence was erroneously calculated tolled the statute of limitations, Everett's claim would still be time-barred;

(i)  Everett alleges that his sentence should have been calculated at thirteen to thirty years, Pet. ¶ 19, but claims he did not determine that there was a problem until he had served nearly seventeen years in prison, Petr.'s Objs. at 2;

(j)  If equitable tolling were to apply in this case, it would at most toll the statute of limitations until the thirteenth year of Everett's sentence, when, at the very least, one would expect him to seek parole, or at least examine the calculation of his sentence to determine when in the future he would be eligible for parole;

(k)  Instead, Everett claims it took him nearly four more years to become curious about why he remained incarcerated, id;

(l)  By that time the one year statute of limitations AEDPA imposes certainly would have run; Everett offers no reason why he failed to find out about the alleged miscalculation of his sentence during the intervening four year period, and thus he cannot surmount the "extraordinary circumstances" hurdle AEDPA places on equitable tolling, Fahy, 240 F.3d at 244 (internal quotations omitted);

It is hereby ORDERED that:

1.  The Report and Recommendation is APPROVED and ADOPTED except where it is inconsistent with the foregoing;

        2.    The petition for writ of habeas corpus is DENIED;

        3.    Kevin Everett having made no substantial showing of a denial of a constitutional right, we DECLINE to issue a certificate of appealability; and

        4.    The Clerk shall CLOSE this civil action statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.